UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAPITAL ASSET RECOVERY, LLC,

          CASE NO.  10-14059
    Plaintiff,          HON. LAWRENCE P. ZATKOFF

v.

ERIC TOMASI, STELLAR REO PROPERTIES, LLC,
TSE PROPERTIES, LLC, SHEILA TOMASI,
AMY WESCOM, DIANA FRISBY, ALLY GODINEZ,
CATHY KNOEFERL, FIDELITY NATIONAL TITLE
COMPANY, ACORN INVESTMENT CO., OAK
MANAGEMENT CO., ELM INVESTMENT CO.,
REX CONSTRUCTION CO., SATRE, LLC, RES
DISTRESSED ASSET FUND, XVII, LLC, and
CIRCLE B, LLC,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's motion for reconsideration [dkt 29]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted.  The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted.  For the reasons set forth below, Plaintiff's motion for reconsideration is DENIED.

At the December 15, 2010, scheduling conference, Plaintiff informed the Court that it wished to amend its pleadings to add several parties to this case.  The Court stated that it would permit Plaintiff to do so, but that the scheduling conference would have to be adjourned so that counsel for the added parties could attend.  The Court instructed Plaintiff that it had the duty of ensuring that

counsel for the added parties attend the adjourned conference, regardless of the added parties' deadlines for answering the amended complaint. Counsel for Plaintiff accepted responsibility for that duty, and the Court adjourned the scheduling conference to February 24, 2011, for the sole purpose of having all parties represented.

On January 11, 2011, the Court rescheduled the conference for March 15, 2011. On March 7, 2011, the Court again rescheduled the conference for May 17, 2011. Plaintiff filed its amended complaint on April 5, 2011, in which Plaintiff added ACORN INVESTMENT CO., OAK MANAGEMENT CO., ELM INVESTMENT CO., REX CONSTRUCTION CO., SATRE, LLC, RES DISTRESSED ASSET FUND, XVII, LLC, and CIRCLE B, LLC as Defendants. Despite Plaintiff's counsel's acceptance of responsibility for ensuring that the added parties would be represented at the adjourned scheduling conference, the added parties were not represented at the May 17, 2011, scheduling conference. When asked what steps Plaintiff's counsel took to ensure that counsel for the added parties attended, counsel stated that he served them with a copy of the complaint and the Court's electronically docketed notice of hearing for the scheduling conference.

The Court found that Plaintiff's counsel's act of serving the added parties with notice of the hearing seven days before the May 17, 2011, scheduling conference did not constitute a good-faith effort to obey the Court's directive. As a result, the Court dismissed Defendants ACORN INVESTMENT CO., OAK MANAGEMENT CO., ELM INVESTMENT CO., REX CONSTRUCTION CO., SATRE, LLC, RES DISTRESSED ASSET FUND, XVII, LLC, and CIRCLE B, LLC, from this action. Plaintiff now asks this Court to reconsider its order of dismissal.

Local Rule 7.1(h)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the

court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

"[Fed. R. Civ. P.] 16 grants district courts broad discretion to enforce their scheduling orders" and "grants district courts wide latitude to impose sanctions for failure to comply with their scheduling orders." *Estes v. King's Daughters Med. Ctr.*, 59 Fed. Appx. 749, 752–53 (6th Cir. 2003) (citing *Clarksville-Montgomery Cnty Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991)). "The district court has discretion to impose whatever sanction it feels is appropriate, under the circumstances." *Estes*, 59 Fed. Appx. at 753 (citing Advisory Committee notes to Fed. R. Civ. P. 16(f) (1983)). Under the circumstances, in which the Court instructed Plaintiff that the scheduling conference was being rescheduled for the sole purpose of having the added parties attend, and the generous extensions the Court provided Plaintiff to add parties, the Court finds that its order of dismissal was appropriate.

Plaintiff asks the Court to reconsider its order of dismissal in light of the factors delineated in Fed. R. Civ. P. 37(b), which include:

1. Whether the party's failure to cooperate in discovery was due to willfulness, bad faith, or fault;

2. Whether the opposing party was prejudiced by the failure to cooperate;

3. Whether the offending party was warned that failure to cooperate could lead to dismissal; and

4. Whether less drastic sanctions were imposed or considered earlier in the action.

*See Regional Refuse Sys., Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 155 (6th Cir. 1998) (citations omitted). However, consideration of these factors does not alter the Court's decision. Plaintiff was warned that the Court would only allow Plaintiff to add parties if it did so within a specified period of time, and that the sole reason for doing so was to have a scheduling conference with all parties represented. The Court also stated that Plaintiff had the duty of ensuring that the added parties had adequate notice and opportunity to attend, and Plaintiff accepted that responsibility. Thus, the Court made clear that it would only allow Plaintiff to add parties if certain conditions were met, and Plaintiff failed to meet those conditions through its own fault.

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [dkt 29] is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: June 8, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2011.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290