**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CAPITAL ASSET RECOVERY, L.L.C.,

    Plaintiff,

                                                                                                    Case No. 10-14059
                                                                                   Hon. Lawrence P. Zatkoff
v.

ERIC TOMASI, STELLAR REO PROPERTIES, LLC
TSE PROPERTIES, LLC, SHEILA TOMASI, AMY
WESCOM, DIANA FRISBY, ALLY GODINEZ,
CATHY KNOEFREL, and FIDELITY NATIONAL
TITLE COMPANY,

    Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 3, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
                      UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss or Strike Plaintiff's First Amended Complaint [dkt 33][1]. Plaintiff has filed a Response in Opposition to this Motion [dkt 34]. Defendants have not filed a reply and the time period to do so has lapsed  The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be decided on the briefs submitted. For the following

---

[1] The Court shall construe the instant Motion as a Motion to Strike Plaintiff's first Amended Complaint, and grants the Motion as such. Thus, the Court need not address the issue of "dismissal" of the Amended Complaint.

reasons, Defendant's Motion is GRANTED.

## II. BACKGROUND

Plaintiff, Capital Asset Recovery, LLC ("Capital Asset") filed a Complaint in state court against Eric Tomasi, Stellar Reo, LLC, TSE Properties, LLC, Shelia Tomasi, Amy Wescom, Diana Frisby, and Ally Godinez (the "Tomasi Defendants"); and Fidelity National Title Company and Cathy Knoeferl ("Fidelity Defendants"). Defendants removed the action to this Court on October 11, 2010. The original Complaint set forth the following counts:

- I. Breach of Contract;
- II. Rescission;
- III. Fraud and Misrepresentation;
- IV. Breach of Warranty;
- V. Civil Conspiracy;
- VI. RICO Violations under 18 USC 1962(c);
- VII. RICO Conspiracy under 28 USC 1962(d);
- VIII. Breach of Contract/Negligence against the Fidelity Defendants.

The Tomasi Defendants and the Fidelity Defendants filed timely Answers and Affirmative Defenses to the Complaint on October 18 and 19, 2011, respectively.

On December 15, 2010, the Court held a Scheduling Conference, at which time Plaintiff informed the Court that it wished to amend its pleadings to add several parties to the case. The Court granted Plaintiff leave to amend the Complaint for the limited purpose of adding additional Defendants. Plaintiff did not request, and the Court did not consent to, additional amendments to the Complaint to assert new causes of action against the Tomasi Defendants. The Court then instructed Plaintiff that it had the duty of ensuring that counsel for the additional Defendants attended the rescheduled conference regardless of the additional Defendants' deadlines to answer the Complaint. The Scheduling Conference was subsequently adjourned to May 17, 2011.

On April 5, 2011, Plaintiff filed its amended Complaint in which it added the following

Defendants: Acorn Investment Co., Oak Management Co., Elm Investment Co., Rex Construction Co., Circle B, LLC, Sartre, LLC, and Distressed Asset Fund XVII, LLC ("Additional Defendants"). The Amended Complaint also contained the same eight Counts as the original Complaint, but added an additional ninth Count. The added Count ("Count IX") alleged a violation of the Michigan Occupational Code against various Tomasi Defendants for acting as unlicensed real estate brokers. Count IX was never discussed with the Court or the Tomasi Defendants.

On May 17, the Court held the second Scheduling Conference, which the Additional Defendants' counsel did not attend. On May 26, 2011, the Court entered an Order dismissing the Additional Defendants from the case because of Plaintiff's failure to obey the Court's directive with respect to attendance by all parties at the Scheduling Conference. On June 8, 2011, Plaintiff's Motion for Reconsideration was Denied. Defendants subsequently filed the instant Motion on June 8, 2011. Plaintiff filed its response on June 22, 2011, requesting that Plaintiff's second Amended Complaint be dismissed or stricken.

### III. LEGAL STANDARD

A party may amend its pleadings only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). In general, if an amendment that cannot be made as a matter of course is served without obtaining the court's leave or the opposing party's consent, the amendment is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval. *United States ex rel. Mathews v. Healthsouth Corp.* 332 F.3d 293, 295 (7th Cir. 2003) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1484 (3d ed. 2001)).

### IV. ANALYSIS

3

The Court finds that Plaintiff improperly amended its Complaint by adding Count IX in addition to the Additional Defendants. First, the Amended Complaint was not one of "course," as it was made more than twenty-one days after Defendants answered the original Complaint. *See* Fed. R. Civ. P. 15(a)(1). In fact, Plaintiff sought to add the additional cause of action in Count IX almost six months after the Defendants filed their answer to the original Complaint.

Next, although the amendment adding Defendants was done with the Court's leave, the amendment adding an additional cause of action was not. The addition of Count IX should have thus been submitted for the Court's approval. The Court may strike new theories of recovery that a party adds without the Court's leave or consent of the opposing party, after the court has granted leave to amend for a limited purpose. *See FDIC v. Kooyomjian*, 220 F.3d 10, 17 (1st Cir. 2000). Because Plaintiff added a new cause of action in Count IX without leave of Court, and did so almost six months after Defendants filed their responsive pleadings, it is entirely within the Court's discretion to dismiss this new cause of action. *See Tucker v. Middleburg-Legacy, LLC,* 539 F.3d 545, 551–52 (6th Cir. 2008) (finding that the district court did not abuse its discretion in denying a further amendment where the amending party did not request leave to amend or proffer the proposed amendment). Therefore, the Court shall strike Plaintiff's second Amended Complaint, as Count IX was inappropriately added and the Additional Defendants have since been dismissed from this case.

## V. Conclusion

Accordingly, it is ORDERED that Defendants' Motion to Dismiss or Strike Plaintiff's Amended Complaint [dkt 33] is GRANTED, thereby striking Plaintiff's first Amended Complaint in its entirety.

IT IS FURTHER ORDERED that Plaintiff's original Complaint [dkt 1], and Defendants' Answers [dkt 6, 7], shall constitute the operative pleadings in this case.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: February 3, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 3, 2012.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290